```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
| | |
|---|---|
| ZURAB BUZAISHVILI,<br><br>                    Petitioner<br><br>       -against-<br><br>MATTHEW T. ALBENCE, et al,<br><br>                    Respondents. | No. 20 Civ. 4602 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

     Before the Court is the motion to dismiss this action or, in the alternative, to transfer it to the United States District Court for the Middle District of Pennsylvania (dkt. no. 7) filed on behalf of Respondents Matthew T. Albence, Executive Director of the United States Immigration and Customs Enforcement ("ICE"), Chad F. Wolf, Acting Secretary of the United States Department of Homeland Security ("DHS"), and William P. Barr, Attorney General of the United States Department of Justice ("Respondents").  Respondents filed their motion in response to Petitioner Zurab Buzaishvili ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (dkt. no. 1) ("Petition"), which seeks an order lifting, dismissing, and enjoining the ICE detainer lodged against him or, in the alternative, making a final ruling on his immigration status. Respondents seek dismissal or transfer to the Middle District of Pennsylvania because Mr. Buzaishvili was incarcerated there when

he filed his Petition.  Additionally, that is where ICE lodged the detainer against him and where he remains in ICE custody.

For the reasons explained below, the Court DENIES Respondents' motion to dismiss but GRANTS the motion to transfer the Petition to the Middle District of Pennsylvania.

I. Background

Petitioner was prosecuted for engaging in a spectrum of criminal activity in furtherance of the so-called "Shulaya Enterprise," an organized criminal group that operated between roughly 2014 and 2017.  (Sentencing Submission for Zurab Buzaishvili, dated Sept. 4, 2018 [dkt. 994 in 1:17-cr-00350-LAP], at 1.)  These activities included assisting other members in creating false identification for cashing counterfeit checks and obtaining counterfeit credit cards, stealing large cargo shipments, and unsuccessfully plotting to extort a businessman through blackmail.  Id. at 2-4.  After Petitioner pleaded guilty to conspiracy to defraud the United States and fraud with identification documents in violation of 18 U.S.C. §371 and §1028A, respectively, this Court sentenced him to 38 months' imprisonment.  (Judgment as to Zurab Buzaishvili, dated Sept. 11, 2018 [dkt. 1007 in 1:17-cr-00350], at 1-2.)

Petitioner served his sentence at the Low Security Correctional Institution Allenwood ("Allenwood") in White Deer, Pennsylvania and was released on September 21, 2020.

2

(Respondents' Memorandum of Law in Support of Motion to Dismiss or Transfer ("Mot."), dated July 2, 2020 [dkt. no. 8], at 2-3.) Upon his release date, Petitioner remained in custody pursuant to the ICE detainer lodged against him, which was issued by the ICE sub-office in Allenwood after the DHS determined that probable cause exists for removal based on the ongoing proceedings against him. (See Ex. 2 to Mot.) Petitioner currently remains in ICE custody at the Clinton County Correctional Facility in McElhattan, Pennsylvania. (Letter from Joshua E. Kahane ("Letter"), dated Jan. 29, 2021 [dkt. no. 15], at 1.)

On June 16, 2020, while held in custody at Allenwood, Petitioner filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in which he claimed (1) to suffer from medical conditions that make him particularly vulnerable to contracting COVID-19 in a confined prison environment and (2) his elderly parents require his assistance. United States v. Buzaishvili, No. 17 Cr. 350 (LAP), 2020 WL 4208701, at *1 (S.D.N.Y. July 22, 2020); (Motion for Compassionate Release, dated June 16, 2020 [dkt. no. 3].) This Court denied Petitioner's motion because he failed to demonstrate "extraordinary and compelling" medical conditions or family circumstances warranting his release. Buzaishvili, 2020 WL 4208701, at *2-3.

On the same day that Petitioner filed a motion for compassionate release, he filed the instant Petition. (Petition for Writ of Habeas Corpus ("Pet."), dated June 16, 2020 [dkt. no. 1].) Petitioner sought a court order lifting, dismissing, and enjoining the ICE detainer lodged against him or, in the alternative, making a final ruling on his immigration status. Id. at 10. Petitioner claimed that he would qualify for early release from his current physical detention at Allenwood but for the detainer. Id. at ¶5. Petitioner further alleged that the detainer endangers his life by requiring him to remain in a high-risk area of exposure to COVID-19 when he suffers from medical conditions that make him particularly vulnerable. Id. at ¶7.

On July 2, 2020, Respondents filed their motion to dismiss the action for lack of venue or, in the alternative, to transfer venue to the United States District Court for the Middle District of Pennsylvania. (Mot. at 1.) Respondents argue that Petitioner seeks relief from his present physical confinement; therefore, his challenge involves a "core" claim that can be brought only in his district of confinement under Rumsfeld v. Padilla, 542 U.S. 426 (2004). Id. at 3-4. Because Petitioner was detained in White Deer, Pennsylvania when he filed his Petition, Respondents argue that the Southern District of New York is not the proper forum. Id. at 14. Moreover, even though

4

Petitioner was released from BOP custody, Respondents argue that this case remains subject to transfer to the Middle District of Pennsylvania because Petitioner remains in ICE custody there. (Letter at 1.)

Petitioner opposed Respondents' motion to dismiss or transfer venue on July 22, 2020.  (Opposition to Respondents' Motion to Dismiss or Transfer ("Opp."), dated July 22, 2020 [dkt. no. 13].)

II. Legal Standard

Under 28 U.S.C. §2241(a), "[f]ederal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.'"  Salcedo v. Decker, No. 18-cv-8801 (RA), 2019 WL 339642, at *1 (S.D.N.Y. Jan. 28, 2019) (quoting 28 U.S.C. §2241(a)).  "Whether or not a court has jurisdiction is based on the location of the respondent," that is, the person who has physical and immediate custody over the petitioner.  Singh v. Decker, No. 20 Civ. 9089 (JPC), 2021 WL 23328, at *3 (S.D.N.Y. Jan 4, 2021).  There are two related subquestions a court must answer to determine jurisdiction over a habeas petition.  S.N.C. v. Sessions, 325 F. Supp. 3d 401, 406 (S.D.N.Y. Aug. 28, 2018).  "First, who is the proper respondent to that petition?  And second, does [the court] have jurisdiction over him or her?"  Id. (quoting Padilla, 542 U.S. at 434).  Jurisdiction over the habeas claim is "evaluated at the time the petition is filed,

5

and is not impacted by subsequent transfers of the Petitioner . . . ." Golding v. Sessions, No. 18-cv-3036 (RJS), 2018 U.S. Dist. LEXIS 209586, at *3 (S.D.N.Y. Dec. 6, 2018).

III. Discussion

In Padilla, the Supreme Court "established a 'default rule' that the proper respondent in a habeas petition" challenging present physical confinement (i.e., "core" habeas challenges) "is 'the warden of the facility where the prisoner is being held' . . . ." S.N.C., 325 F. Supp. 3d at 406 (quoting Padilla, 542 U.S. at 435).  Under Padilla's "immediate custodian" rule, "jurisdiction lies in only one district: the district of confinement." Padilla, 542 U.S. at 443.  Therefore, a § 2241 habeas petitioner challenging his or her present physical custody "should name [the petitioner's] warden as respondent and file the petition in the district of confinement." Id. at 447.

However, limitations exist for Padilla's default rule.  The rule does not apply to "non-core" habeas challenges or "challenges to forms of custody other than physical confinement, including orders of removal." Darboe v. Ahrendt, 442 F. Supp. 3d 592, 594 n.1 (S.D.N.Y. Mar. 2, 2020).  Additionally, the Court in Padilla explicitly "left open the question of whether the Attorney General might be a proper respondent to a habeas petition filed by an alien detained pending deportation."

6

Salcedo, 2019 WL 339642, at *1 (citing Padilla, 542 U.S. at 435 n.8).

Following Padilla, the Southern District of New York has frequently applied its default rule to cases in the immigration context. Although neither the Supreme Court nor the Second Circuit has addressed this question directly, a majority of these judges have applied the immediate custodian rule to "'core' immigration-based habeas challenges." S.N.C., 325 F. Supp. 3d at 406. For example, in Darboe v. Ahrendt, 442 F. Supp. 3d 592 (S.D.N.Y. 2020), the Court found a "core" challenge and applied Padilla where the §2241 habeas petitioner contested his continued detention by immigration authorities and the sufficiency of his bond hearing. Similarly, in Perez v. Decker, 355 F. Supp. 3d 185 (S.D.N.Y. 2019), the Court applied Padilla's default rule where the ICE detainee filed a §2241 petition seeking an immediate custody hearing. These courts reasoned that the writ of habeas corpus acts upon the person who holds the petitioner in what is alleged to be unlawful custody. S.N.C., 325 F. Supp. 3d at 407. Accordingly, "[i]f the challenged custody is physical detention, then the immediate, physical custodian is the proper respondent." Id.

Numerous courts within this Circuit have also applied the district of confinement rule to transfer cases involving ICE detainees in light of the COVID-19 pandemic. See Barnebougle v.

7

Decker, No. 20-CV-2822 (RA), 2020 U.S. Dist. LEXIS 82050, at *4 (S.D.N.Y. Apr. 10, 2020) (finding lack of jurisdiction under Padilla where the petitioners allege that they face heightened risk of COVID-19 because of chronic or current medical conditions); see also Chamale v. United States Dep't of Homeland Sec., No. 20 Civ. 3517 (PAE), 2020 U.S. Dist. LEXIS 80850, at *2 (S.D.N.Y. May 7, 2020) (transferring case sua sponte where the petitioner filed his petition seeking immediate release from immigration custody in light of the COVID-19 pandemic outside of the district of confinement); Reyes v. Decker, No. 20 Civ. 2737 (PAE), 2020 U.S. Dist. LEXIS 59102, at *4 (S.D.N.Y. Apr. 2, 2020) (relying on Padilla in holding that the court lacked venue over petitioners' core habeas challenge that they suffered from COVID-19 comorbidities).

As an initial matter, the Court must first determine whether the instant Petition raises a "core" claim challenging present physical confinement.

Petitioner argues that he seeks relief from "future confinement" in an ICE facility.  (Opp. at 1.)  What Petitioner really requests, in his prayer for relief, is an order lifting, dismissing, and enjoining the ICE detainer.  (Pet. at 10.) Petitioner explains in his brief that "[h]ad ICE lifted the detainer or granted bond as requested, the Petitioner would have immediately qualified for early release from BOP confinement at

8

LSCI Allenwood . . . ." Id. at ¶6.  Moreover, the Petition notes that "[p]resently the detainer endangers the Petitioner's life as it forced him to remain in BOP custody, which imminently exposes him to COVID-19 while in the facility at Allenwood." Id. at ¶7.  At the time he filed his Petition, Petitioner challenged his present physical custody.  Therefore, the Court concludes Petitioner's challenge involves a "core" claim.

The Court is also unpersuaded by Petitioner's claim that he presents a "non-core" challenge targeted toward the ICE detainer.  (See Opp. at 2.)  As observed by other courts within this Circuit, "the fact that ICE retains some decision-making authority over [petitioner's] detention does not change the fact that the warden is quite literally [petitioner's] immediate physical custodian."  Darboe, 442 F. Supp. 3d at 595 (internal quotations omitted).  See also Lagunas v. Decker, No. 21 Civ. 193 (LGS), 2021 U.S. Dist. LEXIS 11291, at *5 (S.D.N.Y. Jan. 15, 2021).  Moreover, even if the Court entertained this reasoning, it would do little to help Petitioner because the ICE sub-office in Allenwood issued the detainer, and he currently remains in ICE custody at the Clinton County Correctional Facility in McElhattan, Pennsylvania--both outside of this district.

Applying Padilla's "district of confinement" rule, the Southern District of New York is an improper venue for Petitioner's "core" habeas claims.  At the time of the filing of

9

this Petition, Petitioner had been confined exclusively in the Middle District of Pennsylvania.  (Mot. at 2-3.)  Therefore, the proper respondent is the "immediate custodian" at Allenwood, and jurisdiction lies only in the Middle District of Pennsylvania because that is where the Petitioner was, and remains, confined.  See Lagunas, 2021 U.S. Dist. LEXIS 11291, at *4.  Accordingly, the Southern District of New York is the improper forum for Petitioner's claims.

Outright dismissal of this action is not warranted, however.  Considering the liberty interests at stake, including the health risks in light of COVID-19, the interests of justice and efficiency would be best served by transferring this petition to the proper forum, the United States District Court for the Middle District of Pennsylvania, instead of dismissing the Petition altogether.

IV. Conclusion

For the reasons stated above, Respondents' motion to dismiss [dkt. no. 7] is DENIED, and their motion to transfer the case to the Middle District of Pennsylvania [dkt. no. 7] is GRANTED.  Accordingly, the Petition shall be transferred to the Middle District of Pennsylvania.

The Clerk of Court is respectfully directed to (1) terminate all open motions and (2) transfer this case to the United States District Court for the Middle District of

10

Pennsylvania.  The Court waives the seven-day day waiting period contained in Local Civil Rule 83.1.

The Clerk of Court shall mail a copy of this order to Petitioner at the following address: Zurab Buzaishvili, A-071-193-254, Clinton County Correctional Facility, 58 Pine Mountain Road, McElhattan, Pennsylvania 17748.

**SO ORDERED.**

Dated:     New York, New York
           February 2, 2021

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge

11